PROB. 12B
(7/93)

ORIGINAL

# United States District Court

for the

## DISTRICT OF HAWAII

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

DEC 13 2007

at \_\_\_ o'clock and \_\_\_ min. \_\_\_ M.
SUE BEITIA, CLERK

### Request for Modifying the Conditions or Term of Supervision
### with Consent of the Offender
*(Probation Form 49, Waiver of Hearing is Attached)*

Name of Offender: SHEENA MARIE HIRANO    Docket Number: CR 03-00194DAE-01

Name of Sentencing Judicial Officer:    The Honorable David Alan Ezra
                                        U.S. District Judge

Date of Original Sentence: 3/19/2004

Original Offense:    Count 1: Possession With the Intent to Distribute 5 or More Grams of Methamphetamine, in violation of 21 U.S.C. § 841(a)(1), a Class B felony

Original Sentence:    The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of 60 months. Upon release from imprisonment, the defendant shall be on supervised release for a term of 4 years with the following special conditions:  1) That the defendant shall participate in a substance abuse program, which must include drug testing for the first 3 years of supervision, then at the discretion and direction of the Probation Office; 2) That the defendant is prohibited from possessing any illegal or dangerous weapons; 3) That the defendant shall submit her person, residence, place of employment, or vehicle to a search conducted by the U.S. Probation Office at a reasonable time and in a reasonable manner, based upon reasonable suspicion of contraband or evidence of a violation of a condition of supervision. Failure to submit to a search may be grounds for revocation. The defendant shall warn any other resident that the premises may be subject to search pursuant to this condition; 4) That the defendant provide the Probation Office access to any requested financial information; and 5) That the defendant must be a full-time student in good standing for the first 2 years of supervised release.

Modification:    On 7/23/2007, the Court modified the conditions of supervision as follows: General Condition - That the defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of commencement of

Prob 12B
(7/93)

2

supervision and at least two drug tests thereafter but no more than eight valid drug tests per month during the term of supervision; and Special Condition No. 5 - That the defendant must be a full-time student in good standing for the first 2 years of supervised release, at the discretion and direction of the Probation Office.

Type of Supervision:  Supervised Release   Date Supervision to Commence:  8/17/2007

## PETITIONING THE COURT

[✓]   To modify the conditions of supervision as follows:

*Special Condition No. 6:*   *That the defendant is prohibited from any type of contact with any person engaged in criminal activity and any person convicted of a felony, unless granted permission to do so by the Probation Office. The restricted methods of contacts include telephonic, written correspondence, contact via electronic means, and physical contact.*

*Special Condition No. 7:*   *That the defendant must reside in a residence approved by the Probation Office. The defendant may only change her residence with the prior approval of the Probation Office. The defendant is prohibited from staying overnight at any residence without the prior approval of the Probation Office.*

*Special Condition No. 8:*   *That the defendant serve up to 6 months of home detention, with electronic monitoring as arranged by the Probation Office. During this time, the defendant shall remain at her place of residence during non-working hours and shall not leave her residence without the approval of the Probation Office. The defendant shall wear an electronic monitoring device and follow electronic monitoring procedures pursuant to the Participant's Agreement and shall earn leave as determined by the Probation Office. The defendant also will be responsible for the payment of the electronic monitoring costs as directed by the Probation Office.*

Prob 12B
(7/93)

3

# CAUSE

| Violation Number | Nature of Noncompliance |
|---|---|
| 1. Standard Condition No. 3 | On 12/7/2007, the offender failed to truthfully answer the Probation Officer's inquires. |
| 2. Standard Condition No. 6 | In or about December 2007, the offender changed her residence without the prior approval of the Probation Office. |
| 3. Standard Condition No. 9 | In or about September 2007 through October 2007, the offender associated with Brenda Cooper-Vo, Kuulei Ancheta, and Pamela Newton, all of whom are convicted felons. |

On 12/7/2007, while attempting to locate convicted felon, Keone Manoa, on an outstanding no-bail warrant that was issued on 11/30/2007, Senior U.S. Probation Officer Derek M. Kim, Supervising U.S. Probation Officer Gene DeMello, Jr., and several Deputy U.S. Marshals encountered the offender at Mr. Manoa's reported residence in Wahiawa, Hawaii. The offender informed the officers of her identity and that she was on supervised release. Upon further questioning, the offender denied living at the Wahiawa residence and stated that she had only spent the night there. She also denied seeing or speaking to Mr. Manoa, but did report that her boyfriend, Edward Noble Merl, was Mr. Manoa's roommate, and had been in contact with Mr. Manoa. The offender continued to deny that she was living at the residence. However, in plain view were personal belongings in a laundry basket that contained a clear plastic bag with the name "S. Hirano" written on the bag. The offender then admitted that she had been living at the Wahiawa residence without this officer's knowledge or without permission. She further admitted that all of the personal belongings in the living room belonged to her.

However, during a further inspection of the residence, officers found in plain view mail received from inmates incarcerated at the Federal Detention Center in Honolulu, Hawaii, and Federal Correctional Institution in Dublin, California. The mail was on a kitchen counter and next to telephone books. Each of the five pieces of mail had an inmate's name and the address of their respective correctional institution as a return address. Each piece of mail was addressed to alias names the offender later admitted that she had used to include "Chinky Hirano," "Asia Kaleikilo," "S. Limatoc," and "Jayla Kaleikilo." The mail sent by the inmates were addressed to the offender's reported residence at 94-010 Leolua Street #116A and the offender's sister's residence. The offender admitted that the mail was sent to her. The mail is described as follows:

1. Mail sent by Kuulei Ancheta (USMS 90875-022 - FDC) to Asia Kaleikilo, 94-010 Leolua Street #116A, Waipahu, Hawaii 96797,

Prob 12B
(7/93)

4

        date stamped 9/6/2007. Convicted felon, Kuulei Ancheta, pled guilty to Conspiracy to Possess With Intent to Distribute 50 Grams or More of Methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1) and 846, a Class B felony. On 6/17/2005, she was sentenced to 60 months imprisonment and 48 months of supervised release.

2.    Mail sent by Brenda Cooper-Vo (USMS 89852-022 - Dublin) to S. Limatoc, 94-010 Leolua Street #116A, Waipahu, Hawaii 96796, date stamped 9/10/2007. Convicted felon, Brenda Marie Cooper-Vo, pled guilty to Count 1: Conspiracy to Possess With Intent to Distribute in Excess of 50 Grams of Methamphetamine, in violation of 21 U.S.C. § 846, a Class A felony. On 11/13/2003, she was sentenced to 100 months imprisonment and 120 months of supervised release.

3.    Mail sent by Brenda Cooper-Vo (USMS 89852-022 - Dublin) to Chinky Hirano, 94-010 Leolua Street #116A, Waipahu, Hawaii 96796, date stamped 10/4/2007.

4.    Mail sent by Kuulei Ancheta (USMS 90875-022 - FDC) to Asia Kaleikilo, 94-010 Leolua Street #116A, Waipahu, Hawaii 96797, date stamped 10/10/2007.

5.    Mail sent by Pamela Newton (USMS 95459-022 - FDC) to Jayla Kaleikilo, 920 A Third Street, Pearl City, Hawaii 96782, date stamped 10/22/2007. Convicted felon, Pamela Mahealani Newton, pled guilty to Count 1: Conspiracy to Possess With Intent to Distribute 500 Grams or More of Methamphetamine, in violation of 21 U.S.C. §§ 846, 841(a)(1), and 841(b)(1)(A), a Class A felony. On 10/25/2007, she was sentenced to 120 months imprisonment and 60 months of supervised release.

    On 12/7/2007, this officer met with the offender and her boyfriend, Mr. Merl. The offender admitted to the violations alleged in this report. The offender submitted a urine specimen as part of the General Conditions of supervised release. The specimen was tested with a non-instrumented drug testing device and was negative for illicit drugs. The offender was verbally admonished for her noncompliance and advised of the corrective action that would be taken. The offender apologized, admitted that she was wrong, and was willing to accept the modified conditions, to include home confinement with electronic monitoring.

    As to the offender's adjustment, since her release, the offender has been working at Monterey Bay Canners as a waitress. Follow up contact with her manager revealed that she is a hard worker and reliable. The offender's grandmother, aunt, and sister remain supportive of her. The offender has submitted to approximately 15 drug tests, all of which have been negative for illicit drugs. She has an appointment scheduled

Prob 12B
(7/93)

5

with the Department of Vocation Rehabilitation on 1/2/2008 for assistance in enrolling in courses at Leeward Community College.

Based on the offender's otherwise good adjustment, we respectfully recommend that the Court modify the offender's conditions of supervision as reflected above. Attached is a signed Waiver of Hearing to Modify Conditions of Supervised Release. The offender waives her right to a hearing and to assistance of counsel. The offender agrees to the modification of the conditions of supervised release. The offender's attorney and the U.S. Attorney's Office have been notified of the proposed modification and have no objections to the modification.

Respectfully submitted by,

LISA K.T. JICHA
U.S. Probation Officer

Approved by:

GENE DeMELLO, JR.
Supervising U.S. Probation Officer

Date: 12/11/2007

---

THE COURT ORDERS:

[✓] The Modification of Conditions as Noted Above
[ ] Other

DAVID ALAN EZRA
U.S. District Judge

12/11/07
Date

PROB 49
(5/96)

# United States District Court

### District of Hawaii

### Waiver of Hearing to Modify Conditions
### of Probation/Supervised Release and/or Extend Term of Supervision

I have been advised and understand that I am entitled by law to a hearing and assistance of counsel before any unfavorable change may be made in my Conditions of Probation and Supervised Release and/or my period of supervision being extended. By "assistance of counsel," I understand that I have the right to be represented at the hearing by counsel of my own choosing if I am able to retain counsel. I also understand that I have the right to request the court to appoint counsel to represent me at such a hearing at no cost to myself if I am not able to retain counsel of my own choosing.

I hereby voluntarily waive my statutory right to a hearing and to assistance of counsel. I also agree to the following modification of my Conditions of Probation and Supervised Release and/or to the proposed extension of my term of supervision:

[ ✓ ]   To impose additional conditions of supervision as follows:

*Special Condition No. 6:*   That the defendant is prohibited from any type of contact with any person engaged in criminal activity and any person convicted of a felony, unless granted permission to do so by the Probation Office. The restricted methods of contacts include telephonic, written correspondence, contact via electronic means, and physical contact.

*Special Condition No. 7:*   That the defendant must reside in a residence approved by the Probation Office. The defendant may only change her residence with the prior approval of the Probation Office. The defendant is prohibited from staying overnight at any residence without the prior approval of the Probation Office.

*Special Condition No. 8:*   That the defendant serve up to 6 months of home detention, with electronic monitoring as arranged by the Probation Office. During this time, the defendant shall remain at her place of residence during non-working hours and shall not leave her residence without the approval of the Probation Office. The defendant shall wear an electronic monitoring device and follow electronic monitoring procedures pursuant to the Participant's Agreement and shall earn leave as determined by the Probation Office. The defendant also will be responsible for the payment of the electronic monitoring costs as directed by the Probation Office.

Witness: _____     Signed: _____
LISA K.T. JICHA                                                   SHEENA MARIE HIRANO
U.S. Probation Officer                                         Supervised Releasee

12/11/07
Date